

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DARRELL UNDERWOOD, *et al.*,

    Plaintiffs,

v.                                            Civil Action No. **3:12CV736**

CLAIRE G. CARDWELL, *et al.*,

    Defendants.

**MEMORANDUM OPINION**

Plaintiff, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this civil rights action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.    BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

    Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face" rather than merely "conceivable." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations

In his Complaint for Damages, Underwood names as Defendants Claire G. Cardwell, Stone & Cardwell, PLC, William J. Dinkin, Dinkin & Purnell, PLLC, Jon Edward Thornbrugh, and the Thornbrugh Law Firm, PLC, the attorneys and their firms he retained with regard to the criminal proceedings against him in this Court. Underwood complains of various deficiencies of counsel throughout the criminal process, including a belief that both attorneys mismanaged Underwood's

assets and failed to liquidate assets as requested by Underwood leading up to trial (*see* Compl. 6-10), performed deficiently with regard to the plea agreement (*id.* at 10-13), at sentencing (*id.* at 14), and handling restitution. (*Id.*) Specifically, Underwood brings claims of "LEGAL MALPRACTICE, MALICE, BREACH OF DUTY, NEGLIGENCE AND FRAUD." (*Id.* at 15 (emphasis omitted); *see id.* at 18.) Underwood demands monetary damages and a "declaratory judgment in favor of Plaintiff[ ]." (*Id.* at 21.)

## Analysis

Because Underwood's claims arise entirely under state law, the Court may exercise only diversity jurisdiction. Diversity jurisdiction is proper when the amount in controversy exceeds $75,000.00 and the diversity of state citizenship among the parties is complete.
28 U.S.C. § 1332;[2] *see Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998); *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999). Defendants are residents of Virginia. Underwood's complaint and the Court's records reflect that, prior to his arrest, Underwood lived in and was a resident of Midlothian, Virginia. (*See* Presentence Investigation Report 2; *United States v. Underwood*, 3:08CR524-001 (E.D. Va. prepared Aug. 13, 2009).) Underwood now claims Pennsylvania, his place of incarceration, as his domicile. (Compl. 2.)

A rebuttable presumption exists that a prisoner does not acquire a new domicile in the state of his incarceration, but retains the domicile he had prior to his incarceration. *Jones v. Hadican*, 552 F.2d 249, 250-51 (8th Cir. 1977). To rebut the presumption that he or she retains the pre-incarceration domicile, a prisoner must "show truly exceptional circumstances" and "introduce more than 'unsubstantiated declarations.'" *Id.* at 251 (quoting *Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir. 1973)). At the pleading stage, the prisoner "must allege facts

---

[2] The statute provides in relevant part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
    (1) citizens of different States;
    (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
    (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
    (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332.

> sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile." *Id.*; *accord Roberts v. Morchower*, No. 91-7688, 1992 WL 42885, at *1 (4th Cir. Mar. 4, 1992).
>     Plaintiff only offers that "Plaintiff[ ] and Defendants are of diverse citizenship" (Compl. 3) because of his current incarceration in Pennsylvania. Underwood has not pled facts sufficient to plausibly suggest that he has changed his domicile to Pennsylvania from Virginia. *See Goad v. Gray*, No. 3:10CV326, 2010 WL 4735816, at *4 (E.D. Va. Nov. 5, 2010) (citing *Jones*, 552 F.2d at 251); *see also Goad v. Goad*, No. 5:10CV00139, 2011 WL 39093, at *2 (W.D. Va. Jan. 5, 2011) (citing same). Accordingly, it is RECOMMENDED that the action be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

(June 6, 2014 Report and Recommendation (alterations and omissions in original).) The Court advised Plaintiff that he could file objections within fourteen (14) days after the entry of the Report and Recommendation. Plaintiff has not responded.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. CONCLUSION

There being no objections, the Report and Recommendation will be ACCEPTED and ADOPTED. Plaintiff's claims and the action will be DISMISSED WITHOUT PREJUDICE. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 7-24-14
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

5